UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID A. COLE,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE, Commissioner of<br>Social Security Administration,<br><br>                Defendant. | CASE NO.    C06-5457FDB<br><br>ORDER |

      This matter comes before the court on plaintiff's motion to supplement the record (Doc. 20). After reviewing the motion, defendant's opposition and the remaining record, the court finds and orders as follows:

      (1) Plaintiff's motion to supplement the record was filed on February 21, 2007. Plaintiff asks the court to add two documents to the record for consideration: (i) a December 2005 Department of Social and Health Services (DSHS) psychological evaluation prepared by James Stagg, MSW, and (ii) a January 2006 DSHS physical evaluation prepared by Susan Rivard, PA-C.

      (2) Under the Social Security Act, a court may order the administration to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Thus, the plaintiff must show that the proffered new medical evidence is: "(1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's

ORDER
Page - 1

condition during the time period for which benefits were denied and probative. The concept of materiality requires in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide the claimant's application differently. Finally, claimant must show (3) good cause for [his] failure to present the evidence earlier." Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir.1988) (internal citations omitted); see Sanchez v. Secretary of Health and Human Serv., 812 F.2d 509, 511 (9th Cir.1987) and Booz v. Secretary of Health & Human Services, 734 F.2d 1378, 1380 (9th Cir. 1984).

(3) After reviewing the record, the court finds the supplemental material is not relevant to the court's review of the ALJ's decision, which concluded prior to the origination of both of the DSHS evaluations. Inclusion of the supplemental material issue would invite the court to impermissibly consider material that was not part of record relied upon by the ALJ. Accordingly, Plaintiff's motion to supplement the record is DENIED.

DATED this 21st day of March, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge