UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID A. COLE,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL ASTRUE, Commissioner of<br>Social Security Administration,<br><br>               Defendant. | CASE NO.    **C06-5457FDB**<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for June 8, 2007 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

INTRODUCTION

Plaintiff was born in 1956 and was 41 years old on the alleged disability onset date of February 12, 1998, and 49 years old when the ALJ issued the decision on October 14, 2005 (Tr. 72, 89, 34-42). He obtained a high school graduation equivalency diploma and had worked as a carpenter, driver, laborer, and janitor (Tr. 95, 841). Plaintiff reported that he was injured on February 12, 1998, when he fell and fractured four right ribs and the inferior right pubic ramus of his pelvis (Tr. 168).

Plaintiff filed applications for disability insurance benefits and SSI disability benefits on April 20, 1998, and alleged disability beginning February 12, 1998, from hip, thigh, groin, and elbow injuries (Tr. 72,

89, 185).  The administration denied the applications initially and on reconsideration (Tr. 49, 58, 189, 195).  The first administrative hearing conducted by an administrative law judge ("ALJ") was held on January 12, 1999 (Tr. 757-85).  Mr. Cole testified at the hearing, and the ALJ issued an unfavorable decision on August 18, 1999 (Tr. 198-209).

Following the ALJ's decision, Mr. Cole appealed the decision to the administration's Appeals Council (Tr. 230).  On July 19, 2000, the Appeals Council issued a Notice of Order of Appeals Council, remanding the case to an ALJ, finding that additional evidence had been compiled by the ALJ subsequent to the hearing but not proffered to the claimant (Tr. 232-34).

A second administrative hearing was held on May 16, 2001 (Tr. 786-94).  The ALJ noted that Mr. Cole was to be sent for a consultative examination with an orthopedist, and the ALJ encouraged Mr. Cole to obtain representation.  The hearing was rescheduled (Tr 794).  The administration hearing was held on March 4, 2003, by a different ALJ (Tr. 795-833).  Witnesses included Mr. Cole and a vocational expert.  After considering the evidence, the ALJ issued an unfavorable decision on August 1, 2003 (Tr. 210-22).

Mr. Cole appealed the decision to the Appeals Council, which again remanded the matter.  This time the matter was remanded based on additional argument in support of the claims offered by new counsel that was representing Mr. Cole (Tr.  226-29, 311, 316, 317-21).  The Appeals Council directed the ALJ to obtain additional evidence concerning Mr. Cole's mental impairments, and to take additional action regarding the claim (Tr. 228-29).

The final administrative hearing was held on September 2, 2005 (Tr. 834-88).  Witnesses included Mr. Cole and a vocational expert (Tr. 835).  On October 14, 2005, the ALJ again issued an unfavorable decision (Tr. 31-42).

The ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ deferred finding whether Plaintiff had engaged in substantial gainful activity since his alleged disability onset date (Tr. 41, Finding 2).  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  At step two, the ALJ found that Plaintiff had the following severe impairments: chronic back pain with moderate lumbar spine degenerative disease, history of hip pain, hepatitis C, a pain disorder, dysthymia, personality disorder, and occasional relapsing drug use (Tr. 41, Finding 3).  At step three, the ALJ found that Plaintiff's impairments did not meet or equal the

requirements of a listed impairment (Tr. 41, Finding 4).  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC"), to lift and carry 20 pounds occasionally and 10 pounds frequently, and stand, walk, or sit for six hours in an eight hour workday with the option to alternate between sitting and standing as needed. He had limited ability to operate right side foot controls, had minor range of motion limitations and could not continuously bend, stoop, kneel, squat, crouch, or crawl. He needed to avoid heights and climbing of ropes, ladders, or scaffolds. He had occasional lapses in concentration and required a fairly repetitive job (Tr. 40).  At step four, the ALJ found that Plaintiff was not able to perform his past relevant work as a carpenter or construction worker (Tr. 42, Finding 8).  At step five, the ALJ found that, based on the above RFC, Plaintiff could perform work existing in significant numbers in the national economy; specifically finding Plaintiff could perform the unskilled, light positions identified by the VE: basket filler and assembler (Tr. 42, Finding 13).

Mr. Cole filed a Request for Review of the ALJ's decision to the Appeals Council, but on March 4, 2006, the Appeals Council issued its Notice of Appeals Council Action, denying the Request for Review (Tr. 21-24).   On August 11, 2006, Plaintiff filed the Complaint with this court challenging the ALJ's denial of his applications for benefits.

Plaintiff contends the ALJ erred in his assessment of the medical evidence of record, in his assessment of Mr. Cole's residual functional capacity and his credibility, and in finding that Mr. Cole was capable of other employment.  Specifically, Plaintiff disagrees with the ALJ's: (1) assessment of the opinions of Daniel Neims, Psy. D., Carl Westphal, Ph.D., Irene Mazer, Ph.D., and Genevie Moran, M.D.; (2) assignment of little weight to the lay opinion of Jim Stagg, MSW; (3) finding that Plaintiff was not credible; and (4) residual functional capacity (RFC) finding, hypothetical question posited to the vocational expert (VE), and finding that Plaintiff could perform other work at step five of the sequential evaluation process.  Plaintiff requests the Court to reverse the unfavorable ALJ decision and remand with directions to award disability benefits or to conduct a new hearing.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a

1  reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389,

2  401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a

3  preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772

4  F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the

5  Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

6  *B.  THE ALJ PROPERLY ASSESSED THE MEDICAL OPINIONS*

7       The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d 1226,

8  1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical

9  experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is

10 contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific

11 and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler,

12 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute

13 substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating

14 physician."  Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996).  In Magallanes v. Bowen, 881 F.2d 747,

15 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion

16 because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied

17 on laboratory test results, contrary reports from examining physicians and on testimony from the claimant

18 that conflicted with the treating physician's opinion.

19      Plaintiff argues the ALJ failed to give specific and legitimate reasons for assigning little or no

20 weight to opinions of Drs. Moran, Neims, Westphal, and Mazer.  Plaintiff also argues the ALJ failed to

21 properly consider the opinion of Jim Stagg, a social worker, who assisted Plaintiff.   After reviewing the

22 ALJ's decision and the administrative record, the undersigned is not persuaded by Plaintiff's arguments.

23      The ALJ properly considered opinions from Dr. Mazer and Dr. Westphal.  The ALJ incorporated

24 the prior ALJs' decisions into the current decision and properly considered Dr. Mazer's opinion that

25 Plaintiff had moderate limitations in executing detailed instruction, learning new tasks, and controlling

26 movements, and marked limitations in exercising judgment, performing routine tasks, relating to

27 coworkers, supervisors, and the public, and a severe limitation in tolerating work pressure (Tr. 34, 36, 214,

28 219, 421-427). The ALJ accepted that Plaintiff had some mental limitations in performing work, but

rejected the severity of the limitations assessed by Dr. Mazer (Tr. 217-219). Similarly, the ALJ considered Dr. Westphal's opinion that Plaintiff had an average ability to reason, understand, and remember, although he had limitations in social interaction (Tr. 34, 36, 217-218, 461-466).  Dr. Westphal further opined that Plaintiff had moderate limitations in ability to execute detailed instructions, make judgments on simple work decisions, interact with the public, co-workers, and supervisors, respond to work pressures and to work changes (Tr. 217-218, 461-462). Dr. Westphal's opinion was incomplete because Plaintiff failed to return to finish the evaluation (Tr. 218, 463).

Rather than rely heavily on the opinions of Dr. Mazer and Dr. Westphal, the ALJ clearly put more weight on the evaluations by Dr. Chalstrom.  In March 2005, Dr. Chalstrom examined Plaintiff, conducted numerous psychological tests, and opined that Plaintiff could perform simple and complex tasks, had excellent concentration and attention, good persistence, and adequate social interaction skills (Tr. 645). Dr. Chalstrom supported the ALJ's finding that Plaintiff could perform simple, repetitive jobs such as assembler and basket filler (Tr. 39-42, 640-654).  The ALJ properly considered Dr. Mazer's and Dr. Westphal's opinions, but simply relied more heavily on Dr. Chalstrom's more recent opinion (Tr. 34, 36-39, 217-219, 640-654).

Similarly, the ALJ did not completely reject the medical opinion of Dr. Neims, as suggested by Plaintiff.  The ALJ included Dr. Neims' assessment of a moderate limitation in exercising judgment and making decisions when she considered Plaintiff's RFC.  Dr. Neims diagnosed Plaintiff with adjustment disorder and antisocial behavior and opined that he had a moderate limitation in exercising judgment and making decisions (Tr. 469).  The ALJ found Plaintiff had severe mental impairments of pain disorder, dysthymia, personality disorder, and occasional relapsing drug use (Tr. 37).  The ALJ's RFC included limitations for a fairly repetitive job in which occasional concentration lapses were acceptable.  The vocational expert testified that Plaintiff was able to perform work as an assembler, a light, unskilled job, identified by the vocational expert, as a "very simple, straight forward" job,  and that Plaintiff was able to work as an basket filler, also a light, unskilled job (Tr. 40, 881-883).  Accordingly, the ALJ included limitations in exercising judgment and making decisions, reflecting Dr. Neims' opinion.

The ALJ gave specific and legitimate reasons for assigning little weight to Dr. Moran's contradicted opinion that Plaintiff was limited to sedentary work because of symptoms from hepatitis and low back pain

1   (Tr. 37, 584).  The ALJ stated she did not rely on Dr. Moran's sedentary RFC opinion because her

2   treatment notes did not support such severe level of limitation (Tr. 37).   The ALJ's conclusions is properly

3   supported by the record.   Dr. Moran's reports showed Plaintiff was not a candidate for surgery and the

4   electromyelogram (EMG) was normal (Tr. 36, 554-555, 622).  Plaintiff's magnetic resonance imaging

5   (MRI) scans showed only mild to moderate disc dehydration and minimum to mild lumbar degenerative

6   disc disease (Tr. 36).  The ALJ also considered Dr. Moran's suggestion that Plaintiff engaged in drug

7   seeking behavior when he reported back pain (Tr. 36-37, 619). Further, the ALJ stated that "Dr. Moran

8   based her opinion that the claimant was limited to sedentary work in part on the diagnosis of hepatitis C

9   (Ex 45)" (Tr. 39). The ALJ explained that Dr. Yee's hepatitis treatment records showed that

10  hepatitis-related "fatigue resolved fairly quickly after completion of treatment" (Tr. 39, 687-688).

11          Considering Plaintiff's exertional limitations the ALJ further relied upon Dr. Spray's opinion that

12  Plaintiff should avoid heavy construction work and obtain vocational training (Tr. 36, 482). Plaintiff's

13  x-rays showed only mild degenerative changes at L5-S1 and early degenerative changes at the hip and

14  pelvis (Tr. 391). The ALJ accounted for limitations from lumbar and hip impairments by finding that

15  Plaintiff retained the RFC for less than the full range of light work with a sit/stand option, limited ability to

16  operate right side foot controls, and postural limitations (Tr. 40).  The ALJ also relied on Plaintiff's daily

17  activities, which included working as a chicken processor, driving, babysitting, cooking, doing housework,

18  shopping, handling his finances, weeding, and attending NA and Alcoholics Anonymous (AA) meetings

19  (Tr. 36-37).

20          Finally, the ALJ properly considered the opinion of Plaintiff's social worker, Jim Stagg.  Plaintiff

21  argues Mr. Stagg's completed a mental evaluation opining that Plaintiff was markedly limited.  The ALJ

22  assigned little to no weight to the opinion of Mr. Stagg.  Mr. Stagg's opinion is in direct conflict with

23  evidence from acceptable medical sources, such as Dr. Chalstrom (Tr. 39; Pl.'s Br. at 12, 15).  The ALJ

24  properly relied on the more detailed, objective opinion of Dr. Chalstrom (Tr. 39, 640-654).  As noted

25  above Dr. Chalstrom based his opinion on a review of Plaintiff's prior psychological records, a mental

26  status examination, a clinical interview, and results of numerous psychological tests, including the

27  Minnesota Multiphasic Personality Inventory-2 (MMPI-II), the Wechsler Adult Intelligence Scale (WAIS),

28  the Wechsler Memory Scale-III (WMS-III), and Trail Making tests (Tr. 640-654).  The ALJ properly

1   assigned more weight to Dr. Chalstrom's well-supported opinion (Tr. 39, 640-654).

2       After reviewing the medical records and the ALJ's decision, it is clear to this court  that the ALJ

3   properly considered the medical opinions related to Mr. Cole's alleged disabilities and limitations.  The ALJ

4   decision is properly supported by substantial evidence in the record.

5   **B.    THE ALJ PROPERLY EVALUATED PLAINTIFF'S CREDIBILITY**

6       Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc), is controlling Ninth Circuit authority

7   on evaluating plaintiff's subjective complaints.   Bunnell requires the ALJ findings to be properly supported

8   by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator

9   rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's

10  testimony regarding pain.'"  Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215

11  (11th Cir. 1991)).  An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform

12  household chores and other activities that involve many of the same physical tasks as a particular type of

13  job.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen,

14  supra, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require

15  that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily

16  transferrable to a work environment where it might be impossible to rest periodically.

17      Here, plaintiff raises the issue of whether the ALJ erred in finding plaintiff's testimony not credible.

18  The ALJ specifically addressed Plaintiff's testimony, and he wrote:

19          For the reasons discussed in my prior decision, I find that the claimant's subjective
            complaints are not fully credible.  I note that the claimant has been quite busy during the
20          period at issue, including working at various jobs, such as chicken processing, carpentry,
            taxi driving, and construction clean up.  He was babysitting two small children off and on.
21          More recently he was working for his landlord in exchange for rent.  He was a greeter for
            NA, attended drug court groups two hours per day, was doing community service, and was
22          going to NA meetings and church regularly.  In March 2005 the Drug Court Counselor
            noted that the claimant had attended the required sessions and that he was "encourage to
23          seek employment" (Exhibit 16E).

24          The claimant testified that he was "not comfortable" around people.  I specifically discredit
            that allegation, as the claimant's activities involve spending a good deal of time with people
25          and there is no indication of social problems.  Indeed, one does not act as a "greeter" while
            suffering social interaction difficulties.  Finally, I note that the claimant's drug seeking
26          behavior, inconsistent reports regarding heroin use, and parole violations and legal history
            undercut his credibility.

27  (Tr. 38-39).

28      After reviewing the ALJ's decision and the administrative record, it is clear the ALJ has provided

1  sufficient evidence to discredit the Plaintiff's allegations of total disability.   The ALJ, in his previous

2  decision, explained that Mr. Cole's credibility was an issue when his subjective complaints and allegations

3  of total disability was compared to the medical evidence, his daily living and social activities, his criminal

4  history and sue of drugs and alcohol (Tr. 735).  As noted above, the same reasons were provided in the

5  ALJ's most recent decision, with less detail given to the medical history.

6         In sum, Plaintiff's activities noted by the ALJ are inconsistent with a claim of complete disability.

7  The medical evidence also does not support Plaintiff's statements concerning his level of limitation.  The

8  medical evidence relied on by the ALJ is discussed above.  Finally, the ALJ properly noted Plaintiff's

9  activities during the relevant period included drug seeking behavior, parole violations, inconsistent reports

10 regarding heroin use, and criminal convictions (Tr. 39, 619-620, 869).  These activities are inconsistent

11 with Plaintiff's claim of complete disability from all work and allowed the ALJ to draw an adverse inference

12 as to Plaintiff's credibility.  The court notes it is the ALJ who is responsible for determining credibility,

13 Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).  The ALJ properly discredited plaintiff's testimony

14 and allegations or pain suggesting total disability.

15 **C.    THE ALJ PROPERLY EVALUATED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

16        If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work

17 activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the

18 claimant's residual functional capacity ("RFC") and the physical and mental demands of the work a claimant

19 did in the past.  20 C.F.R. § 404.1520(e).

20        As discussed above the ALJ did not err in his assessment of plaintiff's mental or physical condition.

21 The ALJ found Plaintiff retained the ability to perform repetitive work which permitted

22 occasional lapses in concentration and light work with a sit/stand option, limited right side foot controls,

23 and limited ability to continuously bend, stoop, kneel, squat, crouch, or crawl (Tr. 40).  This RFC

24 accounted for Plaintiff's limitations from lumbar degenerative disc disease, hepatitis, and history of hip pain

25 (Tr. 37).  Furthermore, the ALJ concluded that Plaintiff's diagnoses of pain disorder, dysthymia, personality

26 disorder, and occasional drug use were not disabling and accounted for those impairments by limiting

27 Plaintiff to simple, repetitive tasks involving minimal concentration (Tr. 36-40).  After reviewing the

28 record, this court does not find any error in the ALJ's evaluation of the medical evidence and the RFC,

which is consistent with the ALJ's assessment of the medical evidence, for Mr. Cole.

**D.    SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S FINDING THAT MR. COOK IS ABLE TO PERFORM PAST WORK, AND, ALTERNATIVELY, OTHER WORK IN THE NATIONAL ECONOMY**

Plaintiff argues the ALJ erred when he relied on the Vocational Expert's testimony.  Plaintiff argues the Vocational Expert's testimony could not be relied upon because the ALJ's hypothetical posed to the expert failed to include all of plaintiff's limitations.  Here the ALJ relied on the Vocational Expert's testimony to conclude: (1) Plaintiff could perform work as an assembler, a light, unskilled job, which he described as "very simple, straight forward" (Tr. 881); and (2) Plaintiff could perform work as a basket filler, which is a light, unskilled job.

The Ninth Circuit recently wrote:

> At step four, claimants have the burden of showing that they can no longer perform their past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir.1990). Once they have shown this, the burden at step five shifts to the Secretary to show that, taking into account a claimant's age, education, and vocational background, she can perform any substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(f) and 416.920(f). *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir.2000). Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. SSR 82-62. See 20 C.F.R. §§ 404.1571 and 416.971, 404.1574 and 416.974, 404.1565 and 416.965.  [Footnote omitted]
> This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e) The claimant must be able to perform:
> 1. The actual functional demands and job duties of a particular past relevant job; or
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-61. This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work. SSR 82-62.

Pinto v. Massanari, 249 F.3d 840, 844-845 (9th Cir. 2001).   At step-five the burden of proof shifts to the Commissioner to produce evidence of other jobs existing in significant numbers in the national economy that Plaintiff could perform in light of his age, education, work experience, and residual functional capacity. *See* Tackett v. Apfel,180 F.3d 1094,1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995).  In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id.

Plaintiff's allegation that the ALJ erred when he relied on the Vocational Expert's testimony is

without merit.  Plaintiff's argument is premised on the allegation that the ALJ failed to properly take into account the medical evidence and Plaintiff's credibility,.  As explained above, the ALJ did not err in his analysis of the medical evidence or Plaintiff's testimony.  The ALJ is not obligated to accept all of a claimant's proposed limitations, as long as the ALJ's findings are supported by substantial evidence.  See Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).  Accordingly, the ALJ properly relied on the Vocational Expert's testimony.

CONCLUSION

Based on the foregoing discussion, the Court should affirm the Administration's final decision denying plaintiff's application for social security disability benefits.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 8, 2007**, as noted in the caption.

DATED this 16th day of May, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge